IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2013 JUN -3 P 3: 46

| | |
|---|---|
| Joseph Richburg, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| South Carolina Department of ) | Civil Action No. 1:12-1944-SB |
| Corrections; Mary Bethea; Steven ) | |
| Nolan; Willie L. Eagleton; Major Dean; ) | |
| Officer Edwards, ECI Transportation ) | |
| Driver; Robin Chavis, ECI; Cpt. ) | **ORDER** |
| Stonebreaker, Shakedown Lee County ) | |
| Correctional; Major West, ECI; and ) | |
| Major Dean, Lee County Correctional, ) | |
| ) | |
| Defendants. ) | |



This matter is before the Court upon Joseph Richburg's pro se complaint, which was filed pursuant to 42 U.S.C. § 1983. On February 6, 2013, the Defendants filed a motion to dismiss, or in the alternative, for summary judgment. In accordance with Local Rule 73.02(B)(2)(a), the matter was referred to a United States Magistrate Judge for preliminary review. The Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the summary judgment procedure and instructing him to respond to the Defendants' motion. On March 29, 2013, after the Plaintiff failed to respond to the Defendants' motion, the Magistrate Judge issued another order asking the Plaintiff to inform the Court by April 2, 2013, whether he wished to proceed with this case. Despite granting an extension of time to respond, the Plaintiff failed to respond. Therefore, on May 14, 2013, the Magistrate Judge issued a report and recommendation ("R&R"), outlining the history and recommending that the Court dismiss this matter with prejudice for failure to prosecute. Attached the R&R was a notice advising

the Plaintiff of his right to file written, specific objections to the R&R within fourteen days of receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court **adopts the R&R** (Entry 49) and incorporates it, and it is

**ORDERED** that this action is dismissed with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4 th Cir. 1978); Fed. R. Civ. P. 41(b).

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

June 3, 2013
Charleston, South Carolina

2